UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER N. WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN SVSP, et al.,<br><br>Defendants. | Case No. 21-cv-06844 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner currently confined at Mule Creek State Prison, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding conditions of confinement at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. The Court dismissed the action for Plaintiff's failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP") and entered judgment on November 12, 2021. Dkt. Nos. 8, 9. On December 13, 2021, the Court granted Plaintiff's motion for reconsideration and reopened the action; Plaintiff was granted an extension of time to file an IFP application. Dkt. No. 15. Plaintiff subsequently filed an IFP motion, which shall be addressed in a separate order. Dkt. No. 18. The Court herein conducts an initial review of the complaint.

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff names the following as Defendants in this action: Warden SVSP, California Healthcare Medical Board CEO, Ralph Diaz (Secretary of the CDCR), Governor Gavin Newsom, Secretary of the State of California, and Dr. Jada, his primary care provider ("PCP"). Dkt. No. 1 at 2.

Plaintiff claims that he is a Type II diabetic and therefore immunocompromised and at a high risk for contracting Covid-19. Dkt. No. 1 at 2. Plaintiff claims that he made repeated requests for protection against Covid-19 to the medical staff at SVSP, and shared his fear of contracting the virus, especially in light of SVSP not following any guidelines. *Id.* Plaintiff claims that he started having symptoms in May 2020, but medical staff refused to provide him with adequate medical care. *Id.* He was told on June 16, 2020, by his PCP, Dr. Jada, that he did not test positive for Covid-19, and that the hives on his back were merely ingrown hairs. *Id.* Plaintiff claims that he was then "suddenly" transferred from D-yard to A-yard. He began to experience other symptoms, including excessive

2

sweating and painful breathing. *Id.* In August or September 2020, he tested positive for Covid. *Id.* Plaintiff believes he was "targeted and deliberately exposed" to the virus because when he complained of his symptoms and his immunocompromised medical condition, the "staff would laugh" at my condition. *Id.* Plaintiff claims he experienced deliberate indifference to his medical needs which amounted to cruel and unusual punishment. *Id.* at 3. He also alludes to the violation of due process rights, with a citation to *Estelle v. Gamble*, 429 U.S. 97 (1976). *Id.*

It appears that Plaintiff is attempting to state an Eighth Amendment claim based on deliberate indifference to serious medical needs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

Regarding the first element, a serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60. With regard to the second element, a prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also

3

draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state an Eighth Amendment claim against any of the named Defendants. Assuming he had a serious medical need, nowhere in the complaint does Plaintiff allege that any of the named Defendants were each subjectively aware that he was facing a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. In fact, he does not mention any of the named defendants in his statement of facts, except for Dr. Jada. However, his allegations against Dr. Jada are also insufficient as Plaintiff merely states that when he saw him in June 2020, Dr. Jada informed him that his hives were not Covid-related and that he tested negative for Covid. Dkt. No. 1 at 2. There is no allegation that Dr. Jada was actually aware the Plaintiff had a serious medical need and failed to take reasonable steps to treat it.

Furthermore, although Plaintiff claims that his due process rights were violated, there are no facts to support such a claim. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). Here, there are no allegations to indicate that Plaintiff was denied either procedural or substantive due process in connection with his medical complaints.

Plaintiff shall be granted leave to amend to file an amended complaint that sets forth

4

sufficient facts to state a § 1983 claim against each named Defendant. In preparing his amended complaint, Plaintiff should keep the following in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 21-06844 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: ____June 13, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dism. With Leave to Amend
PRO-SE\BLF\CR.21\06844Washington_dwlta